UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

PAUL JONES,

        Plaintiff,

v.

CARTER BUSINESS SERVICE INC
JANE DOE
JOHN DOE

        Defendants.

Civil Action No.

## VERIFIED COMPLAINT

1. This case arises from allegations that defendants made unsolicited telemarketing calls to plaintiff's telephone numbers without an emergency purpose and his consent and in violation of federal and state consumer protection laws.

2. Plaintiff, Paul Jones individually, hereby sues Defendant, Carter Business Service Inc (Carter) for violations of the Telephone Consumer Protection Act (TCPA) 47 USC Sec. 227. Et seq. Massachusetts Telemarketing Solicitation Act MGL 159C *et seq,* Fair Credit Reporting Act 15 U.S.C. §1692 et seq.

## JURISDICTION

3. This court has jurisdiction over this matter pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1332.

4. The occurrences which give rise to this action occurred in Massachusetts and Plaintiff resides in Massachusetts and all defendants transact business in Massachusetts.

1

5. This Court has jurisdiction over defendants pursuant because defendants caused injury to a person within this state, to wit, Paul Jones, while it was engaged in service activities, to wit, debt collection, within this state.

## PARTIES

6. The Plaintiff, Paul Jones ("Plaintiff"), is an adult individual residing in Stoughton, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant Carter Business Services Inc ("Carter") is a Massachusetts business entity and is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant "Jane Doe" and "John Doe" are placeholders for an indeterminate number of agents or partners of defendants that may bear individual culpability for the claims stated in this Complaint and who may be separately liable, therefore.

## FACTS

9. Within the last four years, Carter and/or its Agents placed calls to Plaintiff's cellular telephone, number 617-xxx-5417, by using an automated telephone dialer system ("ATDS") / predictive dialer and or IVR System and left several artificial or prerecorded voice messages.

10. Plaintiff received calls from Carter and/or its Agents from telephone numbers 781-246-4300.

11. Carter and/or its Agents left artificial computerized prerecorded messages on Plaintiff's cellular telephone delivering information about collection of a non-existing debt.

12. The pre-recorded messages Plaintiff received did not state a phone number to reach the defendant.

13. The pre-recorded messages Plaintiff received stated, *"Hello This is a carter business service calling for Paul Jones if this is Paul Jones please press one if this is not please hang up"*.

14. Plaintiff has no business relations with Carter or its Agents and never requested by an agreement or otherwise that he be contacted.

15. Plaintiff never provided his cellular telephone number to Carter or its Agents and never provided his consent to Carter or its Agents to be contacted on his cellular telephone.

16. Despite Plaintiff's repeated and unequivocal instructions to stop calling, Carter and/or its Agents continued placing automated calls to Plaintiff's cellular telephone.

17. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without plaintiffs' consent.

18. Plaintiff contends that the Collection Telemarketing Company Defendant have violated such laws by repeatedly harassing and Invading Plaintiff PRIVACY in attempts to collect alleged but nonexistent debt.

19. The calls were not made for the purposes of debt collection because plaintiff did not owe any debt.

20. Carter called Plaintiff's wireless phone number approximately 40 times from 781-246-4300.

21. On at least the following dates and times from the following numbers: September 30, 2020, from 781-246-4300 to 617-939-5417 also on AUGUST 17, 2020, AUGUST 18, 2020, May 8,2020, May 28,2020, June 16, 2020, March 9 , 2020 and several other dates and times.

22. On the several occasions when Plaintiff would answer Defendant's calls no one would say anything and then after a few seconds an artificial computerized voice would speak each time plaintiff stated, "Please stop calling my cellular telephone".

23. Defendants regularly makes telemarketers and debt collection calls to collect alleged debts from individuals who reside in Massachusetts.

24. The alleged nonexistent debts are incurred for personal, family or household purposes.

25. Defendants placed the calls to the Plaintiff to solicit the Plaintiff who a consumer.

26. The Defendants had knowledge that it was using an automatic telephone dialing system and or predict dialer and or IVR system to place each of the telephone calls identified above.

27. Defendants intended to use an automatic telephone dialing system and /or Predict dialer / IVR System to place each of the telephone calls identified above.

28. Defendants maintains business records that show all calls Defendants placed to Plaintiff's wireless cellular telephone number.

29. Plaintiff sent a several Validation of debt, Notice of Intent to Sue and a Federal complaint in an effort to mitigate damages and settle all claims prior to litigation on several occasions the last two by certified mail and Certified Return Receipt See Exhibit 1.

30. Plaintiff's claims herein are brought timely within the four-year statute of limitations under the TCPA and three-year statute of limitation for the Massachusetts Telemarketers act 159 C et seq.

31. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a non-existing consumer debt.

32. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

33. Defendants willfully or knowingly violated this subsection, or the regulations prescribed under the TCPA subsection. Id. at 227(c)(3)(C) plaintiff is intitled to treble damages.

34. Defendants Automatic Telephone Dialing system and or Predictive dialer and or IVR system had the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

35. Furthermore, Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

36. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

37. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## Article III standing

38. Plaintiff has alleged facts that establish Article III standing.  Under both the analysis required by *Spokeo*.

39. Defendants robocalls cause intangible injuries to the plaintiff, the main types of intangible harm that unlawful robocalls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.  (4) data used, cellular (5) battery waisted, (6) enjoying lunch and dinner with his family and having the domestic peace shattered by the ringing of the telephone, multiple calls of artificial voice mails left on plaintiff cellular telephone and having to answer them.

40. There is a "close relationship" between the injury of several unwanted calls and artificial computerized voice messages and the common-law harm of public nuisance. The calls interfered with plaintiffs right to use telecommunications infrastructure without harassment, these are the harms TCPA is intended to prevent.

41. The Plaintiff here incurred all these intangible harms, the right to privacy is protected under the Constitution.

42. Even if invasion of privacy were not a harm recognized as redressable through a common law tort claim, it would meet the requirement of concreteness as interpreted by *Spokeo* because Congress so clearly identified it as a legally cognizable harm.

43. Defendants invaded plaintiff's privacy on several occasions when they continued to call me from several different numbers to hide their identity.

44. Defendants' violations are an injury [that is] "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq*

45. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

46. Plaintiff is a consumer within the meaning of §1692a (3).

47. Defendants are debt collectors within the meaning of §1692a(6).

48. Defendants placed approximately 40 telephone calls to the Plaintiffs cellular telephone number even after plaintiff informed them to stop calling or to Cease & Desist, Defendants knew or should have known that the phone calls made were inconvenient to the consumer. Such communications are prohibited by 15U.S.C. *§* 1692c (a) (1).

49. Defendants violated §1692e (10) by the use of any false representation or Deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

50. Defendants violated 15 U.S.C. §1692d by engaging in conduct, which the natural consequence is to harass, oppress, or abuse any person.

51. Defendants' violations include, but are not limited to, the following:

    §1692e (2) by falsely representing the character, amount, or legal status of any debt.

    §1692e (5) by threatening to take any action that could not legally be taken or that was not intended to be taken.

    §1692e (8) by communicating or threatening to communicate to any person credit information which is known, or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    §1692e (10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    §1692g by failure to send a validation notice within five days of the initial communication.

52. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions the Plaintiff is entitled to damages as a result of Defendants' violations.

> WHEREFORE: The Plaintiff prays that judgment be entered against Defendants: $1000 statutory and for actual Statutory damages, reasonable attorney's fees pursuant to Federal Debt Collection Practices Act and Such other and further relief as may be just and proper.

## COUNT II

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, et seq.

53. The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

54. Defendants has violated the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC§ 227(b) (l) (A) (iii) and 47 U.S.C. §227(b) (2) (5).

55. Defendants has demonstrated willful or knowing non-compliance with 47 U.S.C.§227(b)(1)(A) the calls are subject to treble damages pursuant to 47 U.S.C. §227(b)(3) (C). as they were intentional.

56. Defendants called without prior express consent, Defendants contacted Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or Predicter-Dialer / IVR System and by using artificial messages in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

57. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

58. Moreover, Plaintiff directed Defendants to cease all calls to his cellular telephone when he answered the telephone on the very first call.

59. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

60. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

   WHERFORE, based on facts set forth in the above counts Plaintiff demands actual damages, statutory, and cost of bringing this action, $500.00 for each violation of the TCPA ACT and $1500 for knowingly and willingly as well as such other and additional relief as the Court may determine to be just and proper.

## COUNT III
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §227 et seq.  BY DEFENDANTS

61. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

62. Defendants made telephone solicitation calls to Plaintiff.

63. Defendants made these telephone solicitations despite Plaintiff's number having been registered on the national Do Not Call List and registered to me as a consumer since August 07, 2014.

64. Defendants failed to place Plaintiff on their do-not-call-list.

65. Defendants fails to properly maintain or train its personnel how to comply with the TCPA, do not call, and the FCC rules and regulations.

66. Defendants made the calls to Plaintiff knowingly and willfully.

67. Defendants violated Plaintiff privacy rights when they placed and left the artificial computerized voice messages to plaintiffs' cellular telephone.

WHERFORE, based on facts set forth in the above counts Plaintiff demands $500.00 for each violations of the TCPA ACT et seq. and additional relief as the Court may determine to be just and proper.

## COUNT IV
### VIOLATIONS OF THE MASSACHUSETT DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00 BY DEFENDANTS

68. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein

69. Defendants called plaintiffs cellular number more than twice a week which is a violation of the MDCRA.

70. Defendants tried to collect on a nonexistent debt in Massachusetts and were not registered to collect debt in Massachusetts.

71. Defendants never sent plaintiff anything in writing after calling him to collect a debt which is a violation of MDCRA 940 CMR 7.00.

72. Defendants called more than once a week a violation of the MDCRA 940 CMR which triggers a violation of the FDCPA and TCPA.

WHERFORE, Plaintiff demands relief as the Court may determine to be just and proper

## COUNT V
### VIOLATION OF THE MASSCHUSETTS TELEMARKETING SOLICITATION ACT MGL 159C *et seq.*: BY DEFENDANTS

73. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

74. Massachusetts Telemarketing Solicitation Act, G.L. c. 159C § 3(iv) expressly forbids "the use of a recorded message device."

75. Defendants' placing of calls to Plaintiff's' telephones was done using a "recorded message device." Pursuant to G.L. c. 159C § 5(A)(a): A telephone solicitor shall disclose all of the following information within the first minute of a telephonic sales call and before requesting, accepting or arranging for payment by a consumer: (i) that the purpose of the telephone call is to make a sale or solicit funds; (ii) the correct name of the telemarketing company that employs the individual telemarketer who is making the call; (iii) the correct name of the ultimate seller whose goods or services are being offered by means of the telemarketing call; and (iv) a complete and accurate description of the goods or services being offered including, but not limited to, the retail market value of the goods or services.

76. Defendants made no such disclosures when placing calls to Plaintiff.

77. G.L. c. 159C §8(B) provides a private cause of action and damages: (b) A person who has received more than 1 unsolicited telephonic sales call within a 12-month period by or on behalf of the same person or entity in violation of this chapter may: (i) bring an action to enjoin the violation; (2) bring an action to recover for actual monetary loss from such knowing violation or to receive not more than $5,000 in damages for such knowing violation, whichever is greater; or (iii) bring both such actions.

78. Defendants placed more than one unsolicited telephonic sales call within a 12-month period to Plaintiff.

79. Plaintiff disconnected his home phone in 2014 when I learned that plaintiff could use his cellular telephone as his home phone (Act as a home phone) and register it on the Do Not Call.

>WHEREFORE, Plaintiff prays that judgment be entered against Defendants up to and not more than $5,000 in damages for each such knowing violation (Call) , whichever is greater; or both.

## COUNT VI

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. et seq

## WILLFUL NON-COMPLIANCE BY DEFENDANTS

80. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein

81. Plaintiff is a consumer within the meaning of §1681n.

82. For, at least, two years preceding this suit through the present defendants have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of delinquent debts.

83. Defendants' violations include, but are not limited to, the following: § 1681n. ,§1681s ,§1681o., §1681i,

   (a) In general.

   Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

   any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. (b) Civil liability for knowing noncompliance.

   Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual, statutory, and punitive damages of $1000.00,per month, attorney's fees, and costs pursuant to the above violations of the FRCA.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 26th of September 2021.

Paul Jones   /s/ Paul Jones

572 Park Street

Stoughton, Ma 02072

Pj22765@gmail.com

617-9395417

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MASSACHUSETTS

Plaintiff, Paul Jones, states as follows:

I am the Plaintiff in this civil proceeding.

I believe that this civil Verified Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or law, this verified Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in this Complaint. I have filed this verified complaint in good faith and solely for the purposes set forth in it. Each and every exhibit which has been attached to this complaint is true and correct copy of the original.

Except for clearly indicated redactions made by me where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Paul Jones, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

    DATE: September 26, 2021

    Respectfully Submitted

    Paul Jones  /s/ Paul Jones

    572 Park Street

    Stoughton, Ma 02072