UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAUL JONES

        Plaintiff,

v.

CARTER BUSINESS SERVICE, INC.,

        Defendant.

CIVIL ACTION NO.   1:21-cv-11589

## ANSWER OF CARTER BUSINESS SERVICE, INC.

The defendant Carter Business Service, Inc. ("Carter") answers the Complaint of Paul Jones as follows:

1. Carter denies the allegations in this paragraph.

2. Carter admits that the complaint speaks for itself. Otherwise, denied.

### JURISDICTION

3. Carter denies the allegations in this paragraph.

4. Carter admits that it has a place of business in Massachusetts. Otherwise, denied.

5. Carter denies the allegations in this paragraph.

### PARTIES

6. Carter lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Carter admits that it has a place of business in Massachusetts. Otherwise, denied.

8. Carter denies the allegations in this paragraph.

### FACTS

9. Carter denies the allegations in this paragraph.

10. Carter denies the allegations in this paragraph.

11. Carter denies the allegations in this paragraph.

12. Carter denies the allegations in this paragraph.

13. Carter denies the allegations in this paragraph.

14. Carter denies the allegations in this paragraph.

15. Carter denies the allegations in this paragraph.

16. Carter denies the allegations in this paragraph.

17. Carter denies the allegations in this paragraph.

18. Carter denies the allegations in this paragraph.

19. Carter denies the allegations in this paragraph.

20. Carter denies the allegations in this paragraph.

21. Carter denies the allegations in this paragraph.

22. Carter denies the allegations in this paragraph.

23. Carter denies the allegations in this paragraph.

24. Carter denies the allegations in this paragraph.

25. Carter denies the allegations in this paragraph.

26. Carter denies the allegations in this paragraph.

27. Carter denies the allegations in this paragraph.

28. Carter denies the allegations in this paragraph.

29. Carter denies the allegations in this paragraph.

30. Carter denies the allegations in this paragraph.

31. Carter denies the allegations in this paragraph.

32. Carter denies the allegations in this paragraph.

33. Carter denies the allegations in this paragraph.

34. Carter denies the allegations in this paragraph.

35. Carter denies the allegations in this paragraph.

36. Carter denies the allegations in this paragraph.

37. Carter denies the allegations in this paragraph.

## Article III Standing

38. Carter denies the allegations in this paragraph.

39. Carter denies the allegations in this paragraph.

40. Carter denies the allegations in this paragraph.

41. Carter denies the allegations in this paragraph.

42. Carter denies the allegations in this paragraph.

43. Carter denies the allegations in this paragraph.

44. Carter denies the allegations in this paragraph.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

45. Carter repeats and incorporates all of its prior responses.

46. Carter admits that the statute speaks for itself, but otherwise denies the allegations in this paragraph.

47. Carter denies the allegations in this paragraph.

48. Carter denies the allegations in this paragraph.

49. Carter denies the allegations in this paragraph.

50. Carter denies the allegations in this paragraph.

51. Carter denies the allegations in this paragraph.

52. Carter denies the allegations in this paragraph.

## COUNT II

## VIOLATIONS OF THE TCPA - 47 U.S.C. §227, et seq.

53. Carter repeats and incorporates all of its prior responses.

54. Carter denies the allegations in this paragraph.

55. Carter denies the allegations in this paragraph.

56. Carter denies the allegations in this paragraph.

57. Carter denies the allegations in this paragraph.

58. Carter denies the allegations in this paragraph.

59. Carter denies the allegations in this paragraph.

60. Carter denies the allegations in this paragraph.

## COUNT III

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227, et seq. BY DEFENDANTS

61. Carter repeats and incorporates all of its prior responses.

62. Carter denies the allegations in this paragraph.

63. Carter denies the allegations in this paragraph.

64. Carter denies the allegations in this paragraph.

65. Carter denies the allegations in this paragraph.

66. Carter denies the allegations in this paragraph.

67. Carter denies the allegations in this paragraph.

## COUNT IV

### VIOLATIONS OF THE MASSACHUSETTS DEBT COLLECTION REGULATION ACT (MDCRA) 940 CMR 7.00 BY DEFENDANTS

68. Carter repeats and incorporates all of its prior responses.

69. Carter denies the allegations in this paragraph.

70. Carter admits the allegations in this paragraph.

71. Carter denies the allegations in this paragraph.

72. Carter denies the allegations in this paragraph.

## COUNT V

## VIOLATIONS OF THE MASSACHUSETTS TELEMARKETING SOLICITATION ACT M.G.L. 159C, et seq. BY DEFENDANTS

73. Carter repeats and incorporates all of its prior responses.

74. Carter denies the allegations in this paragraph.

75. Carter denies the allegations in this paragraph.

76. Carter denies the allegations in this paragraph.

77. Carter denies the allegations in this paragraph.

78. Carter denies the allegations in this paragraph.

79. Carter denies the allegations in this paragraph.

## COUNT VI

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C., et seq. WILLFUL NON-COMPLIANCE BY DEFENDANTS

80. Carter repeats and incorporates all of its prior responses.

81. Carter denies the allegations in this paragraph.

82. Carter denies the allegations in this paragraph.

83. Carter denies the allegations in this paragraph

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Court lacks jurisdiction and the Plaintiff lacks standing.

### Second Affirmative Defense

The Complaint and all its claims are barred by applicable statutes of limitation.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

All claims are barred or reduced by the doctrines of accord and satisfaction, estoppel, laches, waiver, failure to mitigate, and release.

### Fifth Affirmative Defense

The Defendant is not covered by the FDCPA, TCPA, MDCRA, FCRA, or the Massachusetts Telemarketing Solicitation Act.

### Sixth Affirmative Defense

Any allegedly violative conduct by the defendant was unintentional and resulted from a bona fide error and notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

### Seventh Affirmative Defense

All of the Defendant's conduct has been benign and lawful and neither extreme nor outrageous.  The Defendant caused no harm and no damages.

### Eighth Affirmative Defense

Any theoretically violative conduct was <u>de minimis</u> and harmless.

For the foregoing reasons, Carter requests that the Court dismiss all claims with prejudice, award it attorneys fees and costs, and grant such other and further relief as may be just.

CARTER BUSINESS SERVICE, INC,
By its Attorneys,

*/s/ John J. O'Connor*
John J. O'Connor
BBO # 555251
Peabody & Arnold LLP
Federal Reserve Plaza
600 Atlantic Avenue
Boston, MA 2210
Telephone: (617) 951-2100
Facsimile: (617) 951-2125
joconnor@peabodyarnold.com

Dated: October 13, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2021, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the District of Massachusetts and served via First-Class Mail upon the following:

Paul Jones, *pro se*
572 Park Street
Stoughton, MA  02072

*/s/ John J. O'Connor*
John J. O'Connor

1977500_1
15985-207506